# IN THE COURT OF APPEALS OF IOWA

No. 17-1917
Filed February 7, 2018

**IN THE INTEREST OF E.H.,**
**Minor Child,**

**L.H., Father,**
        Appellant,

**S.L., Mother,**
        Appellant.
_____


        Appeal from the Iowa District Court for Boone County, James B. Malloy,

District Associate Judge.


        A mother and father separately appeal the termination of their parental

rights.  **AFFIRMED ON BOTH APPEALS.**


        Wesley A. Johnson of Johnson Law Office, Ogden, for appellant father.

        Ashley M. Sparks of Cooper, Goedicke, Reimer & Reese, P.C., West Des

Moines, for appellant mother.

        Thomas J. Miller, Attorney General, and Ana Dixit, Assistant Attorney

General, for appellee State.

        Mark J. Olberding of Olberding Law Office, Nevada, guardian ad litem for

minor child.


        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, Judge.**

A mother and father separately appeal the termination of their parental rights to their child, E.H., born in October 2013. Both parents' rights were terminated pursuant to Iowa Code section 232.116(1)(h) (2017). The father argues termination is not in E.H.'s best interests and would be detrimental to E.H. due to the closeness of the parent-child relationship. The mother argues termination would be detrimental to E.H. due to the closeness of the parent-child relationship.

### I.      Background Facts and Proceedings.

The child was in the physical care of his father in April 2016, when he was removed because of his father's methamphetamine use. The court adjudicated E.H. a child in need of assistance (CINA) in August 2016. A termination hearing was held in December 2017.

At the time E.H. was removed from the home, the location of the mother was unknown. The mother has not complied with the recommendations of the Iowa Department of Human Services (DHS); she has not completed a parenting class, is not responsive to suggestions from workers, and has not provided drug tests except on one occasion. She has completed multiple substance-abuse and mental-health evaluations but has not followed through on services. The mother was arrested in August 2017 for possession of methamphetamine as a habitual offender. At the time of the termination hearing, the mother was in the Boone County Jail on pending drug charges.

The father violated his probation in April 2016 by using methamphetamine and failing to follow through with substance-abuse treatment. The father did complete a substance-abuse and mental-health evaluation in January 2017 but

did not follow through with treatment recommendations. The father was arrested in May 2017 for violating probation by using methamphetamine, failing to follow through with substance-abuse treatment, and failing to obtain employment. The father was required to report to Curt Forbes, a residential facility, and was still living at Curt Forbes at the time of the termination hearing. Since June 2017, while residing at Curt Forbes, the father has been involved in his mental-health treatment, attending therapy and medication checks as required by the facility. Family Safety, Risk, and Permanency (FSRP) workers report the father "occasionally was attentive" to E.H. during supervised visits. The DHS worker reported E.H. is apprehensive of his father and has to be prompted to interact with the father.

E.H. has been the subject of two previous CINA adjudications, open from May 2014 to June 2014 and August 2014 to August 2015. He is currently placed with a foster family who is interested in adopting him.

## II.    Standard of Review.

We review the juvenile court's decision to terminate parental rights de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). "Grounds for termination must be proven by clear and convincing evidence." *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). "Our primary concern is the best interests of the child." *Id.*

## III.    Discussion.

Both parents argue termination is not in E.H.'s best interests because of the closeness of the parent-child relationship. Iowa Code section 232.116(3)(c) allows the court discretion to maintain the parent-child relationship when "[t]here is clear

and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."

The mother and E.H. do share a connection. But the record does not reflect that the bond is so close that termination would be detrimental to E.H. *See In re D.W.,* 791 N.W.2d 703, 709 (Iowa 2010) ("Although it is clear that [the mother] loves her son, our consideration must center on whether the child will be disadvantaged by termination, and whether the disadvantage overcomes [the mother's] inability to provide for [the child's] developing needs."). The mother is facing charges for possession of methamphetamine and is not able to provide for E.H.'s needs.

According to FSRP and DHS workers, E.H. and the father do not share a close bond. Workers describe the father as occasionally attentive but often diverted from E.H.'s needs by sleeping or being on his cell phone. Workers report E.H. needs to be reminded by the mother to interact with the father. The father also could not provide for E.H.'s needs at the time of the termination hearing, as he was in a residential facility. We cannot say the bond between E.H. and the father is strong enough to overcome the father's inability to provide for his needs.

The father also argues termination is not in E.H.'s best interests. *See* Iowa Code § 232.116(2). We consider "the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *Id.* E.H. has been involved with DHS for almost three years of his life. The father is not in a position to provide physical, mental, or emotional care for E.H.

We affirm the juvenile court order terminating both parent's parental rights to E.H.

**AFFIRMED ON BOTH APPEALS.**